■ MICHAEL I. WEINTRAUB, M. D., P. C., et al., Appellants, v KENNY SCHWARTZ, Respondent.—In an action for a permanent injunction and damages based on the alleged breach of a covenant not to compete, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Martin, J.), entered October 3, 1986, which denied their motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

The plaintiffs herein, both professional corporations, have been engaged in the practice of neurology in the area of Westchester and Putnam Counties for the past 15 years. The defendant, a licensed neurologist, entered into a two-year written employment contract with the plaintiffs, effective August 1, 1984, the terms of the contract provided for set salaries and bonuses during the two-year period and required the plaintiffs to give the defendant written notice before the end of the first year indicating whether they were desirous of forming a partnership with the defendant at the expiration of his two-year employment term. The contract also contained a restrictive covenant which provided as follows: "Upon termination of Dr. Schwartz's employment under this Agreement for any reason, Dr. Schwartz shall not engage in the practice

of neurology or open his own office for the practice of neurology or associate himself with another physician within a five (5) mile radius of the office of the Corporations or a five (5) mile radius of any hospital at which Dr. Schwartz has worked on behalf of Corporations for a period of one (1) year after the effective date of termination".

In July 1985 the defendant was orally informed that he would not be offered a partnership in the plaintiffs' practice at the end of his employment contract. In December 1985 the defendant was notified, in writing, that his employment contract would not be renewed and that he would not be offered a partnership.

Thereafter, in August 1986 the defendant established an office for the practice of neurology in Irvington, New York, which is located approximately six miles from the plaintiffs' offices, but within five miles of Phelps Memorial Hospital where the defendant had worked on the plaintiffs' behalf. The plaintiffs commenced the instant action against the defendant to enforce the restrictive covenant in the parties' contract and enjoin the defendant from breaching the contract.

The plaintiffs' motion for a preliminary injunction was denied by the Supreme Court. In reviewing the restrictive covenant, the court determined that the provision restricting the defendant from practicing neurology within five miles of the plaintiffs' offices was reasonable and enforceable. However, the portion of the covenant prohibiting the defendant from practicing within a five-mile radius of any hospital where the defendant had worked on the plaintiffs' behalf was overly broad and oppressive and thus unenforceable. Since the plaintiffs failed to adduce any evidence to establish that the defendant was practicing neurology within five miles of their offices, the Supreme Court denied their motion for preliminary injunctive relief. We affirm.

It is axiomatic that restrictive covenants such as that at bar provoke judicial disfavor in view of the "powerful considerations of public policy which militate against sanctioning the loss of a man's livelihood" (*Purchasing Assocs. v Weitz*, 13 NY2d 267, 272, *rearg denied* 14 NY2d 584; *Reed, Roberts Assocs. v Strauman*, 40 NY2d 303, 307, *rearg denied* 40 NY2d 918). Accordingly, negative covenants restricting competition are subject to specific enforcement only to "the extent that it is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee"

*(Reed, Roberts Assocs. v Strauman, supra,* at 307; *see also, Karpinski v Ingrasci,* 28 NY2d 45). Moreover, in cases such as that at bar which involve anticompetitive covenants in personal service contracts, enforcement of such a covenant requires a showing that the employee's services are unique, special or extraordinary *(see, American Broadcasting Cos. v Wolf,* 52 NY2d 394; *Purchasing Assocs. v Weitz, supra).*

Applying these principles to the instant case, it is apparent that the plaintiffs' request for injunctive relief must fail. Assuming, arguendo, that the defendant's services as a neurologist can be characterized as unique, the provision of the restrictive covenant which the defendant is accused of breaching, namely, practicing neurology within five miles of a hospital where he had worked on behalf of the plaintiffs, is unreasonable and overbroad. The practical effect of this portion of the covenant would be to preclude the defendant from practicing at or near the majority of hospitals in Westchester and Putnam Counties. Moreover, the defendant would be effectively barred from having professional contact with physicians in those area hospitals which generally produce referrals of patients. As the Supreme Court noted, these referrals are presumably based upon a physician's professional judgment and evaluation of the defendant's ability rather than on the basis of the defendant's prior affiliation with the plaintiffs. Aside from the unreasonable scope of this portion of the restrictive covenant, there is also an absence of evidence in the record to indicate that the plaintiffs' legitimate business concerns are implicated by the defendant's alleged breach of the restrictive covenant *(see, Young & Co. v Black,* 97 AD2d 369, *appeal dismissed* 61 NY2d 712). Thus, in view of the plaintiffs' failure to demonstrate a likelihood of success on the merits and an immediate threat of irreparable injury, their motion for a preliminary injunction was properly denied.

In conclusion, we note that we are in agreement with the Supreme Court's determination that the remaining portion of the restrictive covenant precluding the defendant from establishing an office within a five-mile radius of the plaintiffs' offices was reasonable in scope and duration. However, it appears from the record that the plaintiffs breached the terms of the employment contract by failing to provide the defendant with written notice within one year of the commencement of his employment as to whether he would be offered a partnership at the expiration of his employment contract. Assuming the plaintiffs have breached their own obligations under the contract, they would be precluded from seeking to

enforce against the defendant even the reasonable portion of the restrictive covenant *(see, Cornell v T.V. Dev. Corp.,* 17 NY2d 69, 75). Mollen, P. J., Bracken, Niehoff and Lawrence, JJ., concur.