■ PENNY W. BUDOFF, P. C., Doing Business as PENNY WISE BUDOFF, M.D., WOMEN'S MEDICAL CENTER, Appellant-Respondent, v MARY D. JENKINS, Respondent-Appellant, et al., Defendant.—In an action to recover damages for breach of restrictive covenants and for injunctive relief, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), entered May 1, 1987, as denied her motion for partial summary judgment, and the defendant Mary Dale Jenkins cross-appeals from so much of the same order as denied her cross motion for partial summary judgment.

Ordered that the order is modified by deleting the provision denying the plaintiff's motion and substituting therefor a provision granting her motion to the extent of directing the entry of judgment in her favor in the principal amount of $40,000 on so much of the first cause of action as was for liquidated damages in that amount, dismissing the defendant Jenkins' first and third affirmative defenses, and severing the balance of the complaint; as so modified, the order is affirmed, with costs to the plaintiff.

The defendants are physicians who in 1985 became associated with a medical practice oriented toward women established by the plaintiff. By letter agreement dated February 18, 1985, the defendant Jenkins, *inter alia,* covenanted that for two years following termination of her association with the plaintiff, she would not "render the same or similar professional medical services as furnished to [the plaintiff's] practice, within a ten mile radius of [the plaintiff's] professional office (currently located in Woodbury, New York). Dr. Jenkins agrees that if she violates this covenant, she shall pay [the plaintiff] as liquidated damages, and not as a penalty, the sum of $40,000". Jenkins also covenanted not to use any informa-

tion, including names and addresses of the plaintiff's former and current patients, obtained while associated with the plaintiff, for, *inter alia,* the purpose of soliciting the plaintiff's patients, and that, if she did so, "she shall pay [the plaintiff] as liquidated damages, and not as a penalty, $500 for each person solicited".

In November 1985, the plaintiff moved her practice to and established a comprehensive medical clinic for women in Bethpage, New York. In June 1986, Jenkins gave the plaintiff notice that she was terminating her association with the plaintiff's clinic effective August 31, 1986. In September 1986 Jenkins, together with the defendant Miller, who also executed restrictive covenants, established a "family practice" less than three miles from the plaintiff's Bethpage clinic. The record indicates that, since then, over 200 patients have requested transfer of their files from the plaintiff to the defendants.

The plaintiff premises this action on each defendant's breach of the restrictive covenants. Jenkins asserted as affirmative defenses (1) that the plaintiff is barred from enforcing any restrictive covenants because, during the term of the February 1985 letter agreement, the plaintiff allegedly committed numerous acts of malpractice, thereby forcing Jenkins to terminate her association with the plaintiff, (2) that the restrictive covenants contained in the February 1985 letter agreement violate public policy and are therefore unenforceable, and (3) the plaintiff is barred from enforcing the restrictive covenants because of her claimed failure to fulfill an alleged promise, not contained in the letter agreement, to "negotiate" a fair and reasonable partnership agreement.

The plaintiff moved for judgment in her favor on that portion of her first cause of action by which she seeks to recover $40,000 on account of Jenkins' breach of the covenant that she would not locate a competing practice within 10 miles of the plaintiff's. She also moved for dismissal of Jenkins' three affirmative defenses. Jenkins cross-moved for dismissal of so much of the first cause of action as sought $40,000 in liquidated damages.

The manner in which the plaintiff conducted her practice might be relevant if this case concerned the reasons Jenkins dissolved her association with the plaintiff. However, it does not here constitute a fundamental breach of the February 1985 agreement so as to deprive the plaintiff of the right to enforce the restrictive covenants *(cf., Cornell v T. V. Dev. Corp.,* 17 NY2d 69) and thus the Supreme Court should have

dismissed Jenkins' first affirmative defense. Likewise without merit is the third affirmative defense, by which Jenkins asserted she is entitled to avoid the covenants because of the plaintiff's alleged breach of an oral promise to negotiate a partnership agreement. No pertinent obligations with respect to the future status of Jenkins are imposed on the plaintiff by the February 1985 agreement *(cf., Michael I. Weintraub, M. D., P. C. v Schwartz,* 131 AD2d 663) and Jenkins has not alleged and evidently cannot claim she was fraudulently induced into entering into the agreement *(see, C.B. W. Fin. Corp. v Computer Consoles,* 122 AD2d 10, 12; *New York Fruit Auction Corp. v City of New York,* 81 AD2d 159, *affd* 56 NY2d 1015) on account of an oral promise which constituted nothing more than an agreement to agree *(see, Martin Delicatessen v Schumacher,* 52 NY2d 105). Thus, the third affirmative defense should also have been dismissed.

The second affirmative defense, by which Jenkins asserted that the restrictive covenants are against public policy and are therefore unenforceable, stands on a slightly different footing. While restrictive covenants concerning the rights of former employees, partners or associates to engage in their profession or trade are generally disfavored *(see, Michael I. Weintraub, M. D., P. C. v Schwartz, supra),* "[c]ovenants restricting a professional, and in particular a physician, from competing with a former employer or associate are common and generally acceptable * * * As with all restrictive covenants, if they are reasonable as to time and area, necessary to protect legitimate interests, not harmful to the public, and not unduly burdensome, they will be enforced" *(Gelder Med. Group v Webber,* 41 NY2d 680, 683; *see also, Becher v Peress,* 111 AD2d 892, *lv dismissed* 66 NY2d 605, 1035).

The parties have not addressed the enforceability of the restrictive covenant prohibiting Jenkins, for an unlimited period of time, from soliciting the plaintiff's former and current patients, and we decline to dismiss the second affirmative defense in its entirety. The record demonstrates, however, that the covenant prohibiting Jenkins from locating a competing practice within 10 miles of the plaintiff's is reasonable both in time and area and that it is necessary to protect legitimate interests. We note, moreover, that Jenkins makes no claim that this covenant is unduly burdensome. Nor does she attack its liquidated damages provision. We conclude, therefore, that the second affirmative defense constitutes no bar to the plaintiff's request for partial summary judgment in the principal amount of $40,000.

We reject Jenkins' contention that she is not in breach of the covenant presently at issue because her new practice is more than 10 miles from the plaintiff's former office in Woodbury, New York. Although the covenant parenthetically notes that, at the time the covenant was executed, the plaintiff's office was in Woodbury, the covenant unambiguously expresses the parties' intent that the point from which the 10 miles is to be reckoned is the point where the plaintiff's professional practice is located at the time Jenkins' association with her is terminated. We also reject Jenkins' contention that, because she is presently practicing "family" medicine, she is not rendering the "same or similar professional medical services" as she furnished during her association with the plaintiff, who treated "only" women. The record demonstrates that the plaintiff hired Jenkins because she was a family specialist and that Jenkins' present practice within 10 miles of the plaintiff's Bethpage office is sufficiently similar to the services Jenkins previously performed for the plaintiff so as to constitute a violation of the covenant.

We have considered Jenkins' remaining contentions and find them to be without merit. We therefore direct entry of judgment in plaintiff's favor in the principal amount of $40,000. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.