■ JOEL M. NOVENDSTERN, Appellant-Respondent, v MT. KISCO MEDICAL GROUP, Respondent-Appellant.—In an action, *inter alia,* for a judgment declaring a restrictive covenant contained in an employment contract to be unenforceable, for injunctive relief, and for an accounting, based upon the defendant's interference with the plaintiff's medical practice, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Burrows, J.), entered March 12, 1991, which granted the defendant's motion for a temporary restraining order enforcing the restrictive covenant contained in

the employment contract pending determination of the defendant's motion for injunctive relief, and (2) as limited by his brief, from so much of an order of the same court, entered August 7, 1991, as granted the defendant's motion for a permanent injunction restraining him from engaging in the practice of medicine in his specialty for three years within the geographical area defined in the plaintiff's employment contract, and the defendant cross-appeals from so much of the order entered August 7, 1991, as denied it the relief demanded in its counterclaim for liquidated damages specified in the employment contract.

Ordered that the appeal from the order entered March 12, 1991, is dismissed, without costs or disbursements, as academic, in light of the determination in the order entered August 7, 1991, granting the defendant's motion for injunctive relief; and it is further,

Ordered that the order entered August 7, 1991, is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements.

Over a 12-year period, from 1979 to 1991, the plaintiff worked for the defendant medical group pursuant to three employment agreements signed in his capacity first as an employee, later as a partner, and finally as a shareholder, after the medical group converted from a partnership to a professional corporation. The employment agreements each contained similar restrictive covenants prohibiting the plaintiff from engaging in the practice of his medical specialties, obstetrics and gynecology, within a specified area of northeastern Westchester County for three years following the termination of his employment.

In 1991, the defendant terminated the plaintiff's employment, following the procedures set forth in the employment agreement. Immediately thereafter, the plaintiff opened an office and began practicing in his medical specialty within the prohibited service area, in violation of the restrictive covenant. The plaintiff claims that the covenant is unenforceable. We disagree.

It is settled that covenants restricting a physician from competing with a former employer or associate are generally enforceable, provided that they are "reasonable as to time and area, necessary to protect legitimate interests, not harmful to the public, and not unduly burdensome" *(Gelder Med. Group v Webber,* 41 NY2d 680, 683; *see also, Karpinski v Ingrasci,* 28 NY2d 45, 47-49; *Penny W. Budoff, P. C. v Jenkins,* 143 AD2d

250, 252). We find that the prohibition on the plaintiff from practicing for three years in the limited area within Westchester County described in the restrictive covenant is reasonable. Moreover, the defendant's interest in protection from the competition of one who has been associated with the group's practice is legitimate. Established in 1947, the medical group developed and prospered as a result of the considerable time, money and efforts of its members. By including the restrictive covenants in the employment contracts, the members were validly protecting their interest in their investments from competition *(see, Gelder Med. Group v Webber, supra; Karpinski v Ingrasci, supra; Foster v White,* 248 App Div 451, 454, *affd* 273 NY 596).

However, we reject the defendant's contention that it is entitled to relief pursuant to a clause in the restrictive covenant providing for liquidated damages of one year's gross medical fees in the event of a breach. The Supreme Court correctly determined that the defendant should be limited to actual damages. In light of the permanent injunction granted to the defendant, one year's gross medical fees as liquidated damages would be so disproportionate to the defendant's loss as to constitute an unenforceable penalty *(see, Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420, 424; *Wirth & Hamid Fair Booking v Wirth,* 265 NY 214, 223-224; *Seidlitz v Auerbach,* 230 NY 167, 173-174; *Vernitron Corp. v CF 48 Assocs.,* 104 AD2d 409, 409-410). Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.