■ DANIEL FICK, Appellant, v LAGUARDIA MEDICAL GROUP, P. C., et al., Respondents. [618 NYS2d 72] —In an action to recover damages for personal injuries due to alleged medical malpractice and lack of informed consent, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Price, J.), entered March 29, 1993, which, upon a trial ruling made at the close of the plaintiff's case, dismissed his complaint.

Ordered that the judgment is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the complaint is reinstated, a new trial is granted, and the plaintiff is granted leave to amend his verified bill of particulars nunc pro tunc, within 30 days after service upon him of a copy of this decision and order, with notice of entry.

The plaintiff fractured both legs on March 8, 1985, when his vehicle hit a retaining wall on the FDR Drive in Manhattan. The plaintiff's suit against the City of New York for its negligence in maintaining the FDR Drive was settled in July 1991, without prejudice to the plaintiff's right to sue the instant defendants, *inter alia,* to recover damages for their allegedly negligent failure to detect and/or diagnose his fractures until a week after the accident (see, General Obligations Law § 15-108).

Toward the end of the plaintiff's testimony at the trial of the instant medical malpractice action, the defendants' counsel moved to dismiss the complaint on the ground that the injuries claimed in the plaintiff's bill of particulars were identical to those alleged in the bill of particulars served in another action brought by the plaintiff against the City of New York, which had been settled. The court granted the defendants' motion.

We find that, under the circumstances of this case, the dismissal was improvident. It is well established that leave to amend a pleading should be freely granted upon such terms as

may be just *(see,* CPLR 3025 [b]). Here it was clear from the complaint and the bills of particulars that the plaintiff was charging the instant defendants with exacerbation of his leg fractures by their negligent post-accident treatment of him, and at no point prior to trial nor indeed at the trial itself did the defendants complain that they were unaware of the essential elements of the plaintiff's claim. In view of the absence of any surprise or prejudice to the defendants, the plaintiff should have been permitted to amend his bill of particulars to more specifically allege the precise nature of the exacerbation injuries for which he held these defendants responsible *(McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755; *Drechsel v Loblaw, Inc.,* 64 AD2d 1022). Thompson, J. P., Sullivan, Friedmann and Krausman, JJ., concur.