■ STEPHANIE RIFKINSON-MANN, Appellant, v SAMUEL S. KASOFF et al., Respondents. [641 NYS2d 102] —In an action, *inter alia,* for a judgment declaring a restrictive covenant contained in an employment agreement to be unenforceable, for injunctive relief, and for an accounting, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Coppola, J.), entered December 12, 1994, which, *inter alia,* granted the defendants' cross motion for summary judgment dismissing the complaint, denied her motion to amend the complaint, and declared that the restrictive covenant was valid.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof which denied that branch of the plaintiff's motion which was to amend her complaint to assert causes of action for compensation for the month preceding her termination and for the 90-day period thereafter, and substituting therefor a provision granting that branch of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the plaintiff's time to serve an amended complaint is extended until 30 days after service upon her of a copy of this decision and order, with notice of entry.

It is well established that while restrictive covenants tending to prevent a person from pursuing his or her vocation after termination of an employment relationship are disfavored by the law (*see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496), they generally will be enforced against medical and dental professionals if such covenants are reasonably limited temporally and geographically and, without being harmful to the public or unduly burdensome, serve the acceptable purpose of protecting the former employer or associate from unfair competition (*see, Zellner v Stephen D. Conrad, M.D., P. C.,* 183 AD2d 250; *see also, Gelder Med. Group v Webber,* 41 NY2d 680; *Karpinski v Ingrasci,* 28 NY2d 45). Contrary

to the plaintiff's claims, there was sufficient evidence to conclude that both the scope and duration of the restrictive covenant in the present case were reasonable. Here, the restrictive covenant precluded the plaintiff from practicing neurosurgery for a period of one year at Westchester County Medical Center. The covenant did not, however, prevent her from practicing neurosurgery at other nearby hospitals or from pursuing her desire to practice pediatric neurosurgery in the nearby metropolitan area (*see, Novendstern v Mt. Kisco Med. Group,* 177 AD2d 623; *Penny W. Budoff, P. C. v Jenkins,* 143 AD2d 250).

However, the court erred by failing to grant the plaintiff's motion to amend her complaint to enable her to assert claims for outstanding compensation. It is well established that leave to amend a pleading should be freely granted upon such terms as may be just (CPLR 3025 [b]). Here, it was clear from the plaintiff's motion papers that the cause of action did not accrue until the compensation was actually due. Therefore, the plaintiff could not have asserted such a claim during the preceding period. Furthermore, the defendants knew that the plaintiff had certain employment-related claims and her agreement specifically provided that she was entitled to compensation for the 90-day period following her dismissal. In view of the absence of any surprise or prejudice to the defendants, the plaintiff should have been permitted to amend her complaint for the sole purpose of alleging that she had not been paid the appropriate amount of compensation for the month preceding her termination and for the 90-day period thereafter (*McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755; *Fick v LaGuardia Med. Group,* 208 AD2d 800; *Dreschsel v Loblaw, Inc.,* 64 AD2d 1022). We have also reviewed the plaintiff's related Labor Law claims, but note that those statutes do not apply to professionals who earn in excess of $600 per week (*see,* Labor Law § 191 [1] [d]; § 198 [1-a]; § 198-c).

We have reviewed the plaintiff's remaining contentions and find they are without merit. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.