OPINION OF THE COURT
Judith J. Gische, J.
A major issue to be decided by the court in this prejury charge conference (CPLR 4110-b) is whether defendants are entitled to an instruction on implied assumption of risk. This action for personal injuries arises because, during the course of his own arrest, plaintiff was shot in the head by the arresting officer. The only theory of liability advanced by plaintiff is that defendants were negligent.[1] Defendants argue that if the jury finds them negligent, it can then consider plaintiff’s conduct in thrusting himself into a dangerous situation for purposes of apportioning liability. Plaintiff argues that this court is prohibited both procedurally and substantively from instructing the jury on an affirmative defense of assumption of the risk.
PROCEDURAL CONSIDERATIONS
Plaintiff argues that because defendants failed to specifically raise implied assumption of risk in their answers or provide a bill of particulars amplifying such defense, defendants are precluded from raising the issue at this time.
Each of the defendants submitted separate answers. The first affirmative defense in each answer identically states: "That the injuries alleged by plaintiff were caused in whole or part and arose out of plaintiff’s culpable conduct.” The gravamen of both comparative negligence and implied assumption of *399 the risk is "culpable conduct” on the part of the plaintiff. (CPLR 1411; McCabe v Easter, 128 AD2d 257 [3d Dept 1987].) Under rules of liberal construction of pleadings (see, Siegel, NY Prac § 208, at 301 [2d ed 1991]), an affirmative defense claiming plaintiff’s culpable conduct is sufficiently broad to include claims of both comparative negligence and implied assumption of the risk.
It is true that defendants failed to provide a bill of particulars with respect to any of their affirmative defenses, not alone their affirmative defense of culpable conduct. It is also true that defendants’ failure was in contravention of pretrial stipulations made in 1988 and 1993 and "so ordered” by the court. Plaintiff, however, never made any motion seeking sanctions based upon defendants’ failure (CPLR 3042) and discovery went forward and was completed in due course. Plaintiff then, knowing full well that he had not received any bill of particulars from defendants, placed the matter on the Trial Calendar. All of the facts upon which defendants are relying to prove such an affirmative defense were fully known to plaintiff before this trial began. Consequently there is no prejudice to plaintiff in letting the affirmative defense go forward at this time, despite the absence of any bill of particulars. (Fick v LaGuardia Med. Group, 208 AD2d 800 [2d Dept 1994]; Gilliam v City of New York, 187 AD2d 700 [2d Dept 1992].) There is no procedural bar to the affirmative defense of assumption of risk.[2]
SUBSTANTIVE CONSIDERATIONS
There is evidence in the trial record from which the jury could conclude that: shortly before Police Officer Pedro Cruz’ gun discharged, plaintiff had perpetrated a violent crime with a sawed-off shotgun; Officer Cruz and his partner heard a radio report of the crime and upon encountering the vehicle described in the report they pursued plaintiff; plaintiff then fled from police first during an automobile chase and then after the automobile was forced to stop, plaintiff fled by running away on foot with defendant Police Officer Cruz chasing behind. There is further evidence from which a jury could conclude that plaintiff appreciated that he was in a dangerous situation when he was fleeing from the police. Defendants argue that a jury could reasonably conclude, based on these *400 facts, that plaintiffs behavior constituted an implied assumption of risk for the subsequent gunshot injuries plaintiff sustained only seconds thereafter during the course of plaintiffs arrest. In determining whether to charge the jury on the affirmative defense of implied assumption of risk the court is bound to consider the facts in the light most favorable to defendants. (McCummings v New York City Tr. Auth., 81 NY2d 923 [1993].)
CPLR 1411 provides in pertinent part: "In any action to recover damages for personal injury * * * the culpable conduct attributable to the claimant * * * including contributory negligence or assumption of risk, shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished [by] the culpable conduct which caused the damages.”
Notwithstanding the enactment of CPLR 1411 in 1975, two separate doctrines of assumption of risk emerged in the case law. One doctrine, known as "primary assumption of risk” acts to completely bar recovery by a plaintiff who freely engages in conduct involving elevated risks of danger and expressly agrees to those risks. (Arbegast v Board of Educ., 65 NY2d 161 [1985]; Rodriguez v New York City Hous. Auth., 211 AD2d 328 [1st Dept 1995].) The second doctrine, known as implied assumption of the risk, does not completely bar recovery, but, consistent with CPLR 1411, diminishes plaintiffs recovery in the proportion to which he may have contributed to his own injuries. (Rodriguez v New York City Hous. Auth., supra.) Defendants only seek an instruction on implied assumption of risk.
Implied assumption of the risk can be found where plaintiff voluntarily encounters the risk of harm of defendant’s conduct with full understanding of the possible harm to himself. (Arbegast v Board of Educ., supra, at 169.)
The specific issue before the court is whether the jury can consider plaintiffs conduct leading up to and during his own arrest for the purpose of determining relative fault of the parties. Surprisingly the court found no reported case authority directly on point. In Fiacco v City of Rensselaer (783 F2d 319 [2d Cir 1986]), however, the Second Circuit Court of Appeals affirmed a jury verdict apportioning liability between the parties in action brought against a municipality for negligent arrest.
This court concludes that the fact that the underlying incident in which plaintiff was injured was an arrest does not, as a matter of law, either preclude or mandate a charge of assumption of risk. These negligent arrest cases must be *401 determined on their own particular facts and on an equal footing with all other civil negligence cases. Some arrests are more likely to involve a risk of danger than others. Certainly there are situations where a peaceful arrest is made during the course of some minor civil disturbance and there is no assumption of risk by the arrestee. These were certainly not the facts at bar. The arrest was made shortly after the commission of a violent crime; the police had reason to believe that plaintiff had a weapon and indeed there was a weapon recovered from the car in which plaintiff fled from the police. Moreover there is no dispute that plaintiff attempted both by car and on foot to flee from the police. Plaintiff testified that he appreciated the danger of the situation. Certainly a jury could reasonably conclude based upon these facts that plaintiff assumed the risk of the police activity that ensued, including the drawing of firearms.
Plaintiff’s arguments that the court should not charge assumption of the risk are twofold. First plaintiff claims that, as a matter of law, the jury may not consider plaintiff’s criminal conduct underlying the arrest in determining this case. Secondly plaintiff argues that because he ultimately cooperated in his own apprehension and arrest after Police Officer Cruz commanded him to stop, there can be no implied assumption of risk in this case.
Plaintiff is relying on McCummings v New York City Tr. Auth. (81 NY2d 923 [1993], supra) to support his claim that, as a matter of law, implied assumption of risk has no place in a negligent arrest case. McCummings, however, did not address any issues of comparable culpability and per force did not deal with implied assumption of risk. In McCummings, like here, plaintiff was suing based upon a theory of negligence by the police during his own arrest. The issue before the court was whether defendant was entitled to a directed verdict. The court held that the fact that plaintiff was shot during the course of his own arrest did not automatically entitle defendant to a directed verdict in its favor. The thrust of McCummings is that even though the plaintiff was injured during the course of his own arrest, he was still entitled to have his negligence claims considered on an equal footing with all other civil litigants. Indeed the logical corollary of McCummings is that, like all other civil litigants, plaintiff’s behavior, even though made during the course of an arrest, may still be considered on issues of comparative fault.
Plaintiff’s second argument, that because he cooperated immediately before his arrest no jury can find implied assump *402 tion of risk on the facts of this case, is also rejected. While it is undisputed in the trial record that plaintiff cooperated with the police after he was ordered by Officer Cruz to stop, there is also evidence that only approximately 15 seconds elapsed between the time that plaintiff began to cooperate and the time Officer Cruz’ gun discharged. There is testimony by Officer Cruz that given plaintiff’s past flight only seconds before he had no reason to believe that plaintiff would continue to cooperate or that he could let down his guard or withdraw his weapon. The importance of these facts and their effect on any finding of assumption of risk and/or proximate cause can only be determined by a jury.
CONCLUSION
In accordance with the foregoing this court holds that the jury will be instructed on the issue of plaintiff’s implied assumption of risk.

. Although the complaint originally included other causes of action for assault and civil rights violations, plaintiff has withdrawn those claims of intentional wrongdoing.

. Defendants’ motion to amend their answers to include affirmative defenses of implied assumption of the risk is denied as moot. No amendment is necessary because the first affirmative defense of plaintiff’s culpable conduct is sufficiently broad to include such claims.