■ WILLIAM E. BOLLENGIER, Appellant, v KRISHAN G. GU-LATI et al., Respondents. [650 NYS2d 56] —White, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered March 18, 1996 in Clinton County, which, *inter alia*, granted defendants' cross motion for a preliminary injunction.

In November 1994, plaintiff, a board certified cardiovascular and thoracic surgeon, was hired by defendant Krishan G. Gulati, a board certified surgeon and the professional principal in the two defendant professional corporations (hereinafter collectively referred to as Gulati), to serve as an associate in Gulati's medical practice located in the City of Plattsburgh, Clinton County. Subsequently, the parties entered into a written employment agreement that provided, *inter alia*, that it could be terminated upon 120 days' written notice and, if terminated, plaintiff would not, for a period of two years, practice medicine within Clinton County or within a 20-mile radius of any office maintained by Gulati. On November 1, 1995, Gulati invoked the agreement's 120-day termination provision, thereby ending plaintiff's employment.

Thereafter, plaintiff commenced this action seeking, *inter alia*, to prevent Gulati from enforcing the noncompetition clause. Gulati answered and counterclaimed seeking, *inter alia*, a permanent injunction enforcing the clause. Plaintiff then moved for a preliminary injunction enjoining Gulati from interfering with his practice of medicine in Clinton County. Gulati responded by cross-moving for a preliminary injunction enjoining plaintiff from violating the noncompetition clause. Supreme Court denied the motion and granted the cross motion. Plaintiff appeals.

Generally, a covenant not to compete will be enforced against medical and dental professionals if it is reasonably limited temporarily and geographically and, without being harmful to the public or unduly burdensome, serves the acceptable purpose of protecting the former employer from unfair competition (*see, Gelder Med. Group v Webber*, 41 NY2d 680, 683; *Rifkinson-Mann v Kasoff*, 226 AD2d 517; *Zellner v Stephen D. Conrad M. D., P. C.*, 183 AD2d 250, 253-254). Inasmuch as the subject covenant's reach is confined to Clinton County, the territory over which Gulati's practice extends, and its effectiveness is limited to two years, it appears to be reasonable (*see, Karpinski v Ingrasci*, 28 NY2d 45, 50; *Novendstern v Mt. Kisco Med. Group*, 177 AD2d 623, 625, *lv dismissed* 80 NY2d 826). We do not subscribe to plaintiff's argument that the public would be harmed if the covenant was enforced since the record indicates that, besides Gulati, there is another vascular surgeon practicing in Clinton County and that several thoracic surgeons have expressed an interest in joining Gulati's practice (*see, Gelder Med. Group v Webber, supra*, at 685). Further, the facilities of the well-regarded University of Vermont Medical Center in Burlington, Vermont, are easily accessible to the residents of Clinton County. Thus, in light of these circumstances, it appears likely that Gulati will succeed on the merits on his counterclaim for a permanent injunction.

It is undisputed that Gulati spent 29 years developing his practice by cultivating contacts and referrals from other Clinton County physicians. Obviously, if plaintiff is allowed to compete with him, Gulati's 29-year investment could be imperiled, a loss that is not readily compensated in money damages. Accordingly, we find that Gulati has shown that he would be irreparably damaged if an injunction was not granted in his favor (*see*, Siegel, NY Prac § 328, at 466-467 [2d ed]).

When Gulati's 29-year investment is weighed against the fact that plaintiff practiced in Clinton County less than one year and is free to practice anywhere in New York outside of

Clinton County, the balance of the equities favors Gulati. Therefore, as our analysis shows that Gulati established the three requirements necessary for the issuance of a preliminary injunction (*see, Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862), we affirm Supreme Court's order granting defendants' cross motion.

Mikoll, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.