(April 27, 1998)

■ ARNOLD R. LEIBOFF, M.D., P. C., as Assignee of ARNOLD R. LEIBOFF, Respondent, v STEVEN PELAEZ, Appellant. [671 NYS2d 336] —In an action to enforce a restrictive covenant contained in an employment agreement, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated March 10, 1997, which granted the plaintiff's motion for partial summary judgment, directing the defendant to immediately resign from John T. Mather Memorial Hospital and St. Charles Hospital in Port Jefferson.

Ordered that the order is affirmed, with costs.

The plaintiff's assignor, a board-certified surgeon with a sub-specialty in colon and rectal surgery, employed the defendant, also a board-certified surgeon with the same sub-specialty, under the terms of a written employment agreement. A restrictive covenant in that agreement contained several specific prohibitions, and pursuant to it the defendant agreed, essentially, not to compete with the plaintiff for two years after the date the defendant ceased to be employed by the plaintiff. The plaintiff commenced this action to enforce the covenant, and moved for partial summary judgment to enforce so much of the covenant as required the defendant to resign his medical staff privileges at John T. Mather Memorial Hospital and St. Charles Hospital, both in Port Jefferson, where the plaintiff performs 95 percent of his surgeries. The Supreme Court granted the plaintiff's motion for partial summary judgment, and we now affirm.

Generally, "a restrictive covenant will only be subject to specific enforcement to the extent that it is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreason-

ably burdensome to the employee" (*Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, 307; *see also, Last v New York Inst. of Technology,* 219 AD2d 620, 622). Under the circumstances of this case, the portion of the covenant upon which the plaintiff sought partial summary judgment satisfied these requirements, and was valid and enforceable (*see generally, Bollengier v Gulati,* 233 AD2d 721; *Rifkinson-Mann v Kasoff,* 226 AD2d 517; *Novendstern v Mt. Kisco Med. Group,* 177 AD2d 623; *Penny W. Budoff, P. C. v Jenkins,* 143 AD2d 250). Pizzuto, J. P., Joy, Friedmann and Florio, JJ., concur.