■ NORTH SHORE HEMATOLOGY/ONCOLOGY et al., Respondents, v GEORGE A. ZERVOS, Appellant. [717 NYS2d 250] —In an action for injunctive relief, the defendant appeals from so much of (1) an order of the Supreme Court, Nassau County (Cozzens, J.), dated May 26, 1999, as granted those branches of the plaintiffs' motion which were for a preliminary injunction to enjoin the defendant (a) from soliciting patients of the plaintiffs, (b) from soliciting medical professionals who have referred patients to the plaintiffs, (c) from maintaining an office in oncology and hematology medicine within a three-mile radius of the plaintiffs' office, and (d) from retaining fees and negotiating checks for professional services rendered by the plaintiffs pending determination of this action, and (2) an order of the same court, dated December 17, 1999, as (a), upon reargument, adhered to the prior determination, and (b) granted the plaintiffs' cross motion, *inter alia*, to hold him in contempt.

Ordered that the appeal from the order dated May 26, 1999, is dismissed, as that order was superseded by the order dated December 17, 1999, made upon reargument; and it is further,

Ordered that the order dated December 17, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

"Covenants restricting a professional, and in particular a physician, from competing with a former employer or associate are common and generally acceptable (see, e.g., *Karpinski v Ingrasci*, 28 NY2d 45, 47-49; see generally, Validity and Construction of Contractual Restrictions on Right of Medical Practitioner to Practice, Incident to Partnership Agreement, Ann., 62 ALR3d, 970). As with all restrictive covenants, if they are reasonable as to time and area, necessary to protect legitimate interests, not harmful to the public, and not unduly burdensome, they will be enforced (*see, Reed, Roberts Assoc. v Strauman,* 40 NY2d 303, 307 mot for rearg den 40 NY2d 918; *Karpinski v Ingrasci,* 28 NY2d 45, 49-51, *supra)" (Gelder Med. Group v Webber,* 41 NY2d 680, 683; *see also, Novendstern v Mt. Kisco Med. Group,* 177 AD2d 623). Considering the likelihood of the plaintiffs prevailing under this rule, the harm that would be irreparably inflicted upon the plaintiffs in the absence of a preliminary injunction, and the relative equities, we find that the Supreme Court providently exercised its discretion to the extent it granted preliminary injunctive relief.

The appellant's remaining contentions are without merit. Bracken, J. P., Florio, H. Miller and Smith, JJ., concur.