■ ALBANY MEDICAL COLLEGE, Respondent, v ROBERT W. LOBEL, Appellant. [745 NYS2d 250] —Rose, J. Appeal from an order of the Supreme Court (McNamara, J.), entered December 3, 2001 in Albany County, which, inter alia, granted plaintiff's motion for a preliminary injunction.

By accepting appointment as an assistant professor with plaintiff's Department of Obstetrics and Gynecology, which also functions as a practice group, defendant agreed not to practice medicine within 30 miles of the City of Albany for a period of five years after leaving its employ. Five years later, although defendant's income had doubled in the interim, the parties were unable to resolve defendant's complaints concerning his compensation and the facilities and staff provided to him, and he resigned to open his own practice nearby. In response, plaintiff commenced this action seeking to enforce the restrictive covenant and moved for a preliminary injunction during the pendency of the action. Defendant cross-moved to enjoin plaintiff from enforcing the covenant, alleging that he is the only fellowship-trained physician in the Albany area who can treat conditions within his subspecialty of urogynecology and reconstructive pelvic surgery, and that plaintiff's breaches of the employment agreement bar its enforcement of the covenant. Supreme Court granted plaintiff's motion and denied defendant's cross motion, prompting this appeal.

It is well established that such a covenant will be enforced if it is reasonable as to time and area, necessary to protect the employer's legitimate interests, not harmful to the public, and not unduly burdensome (*see*, *Gelder Med. Group v Webber*, 41 NY2d 680, 683; *Bollengier v Gulati*, 233 AD2d 721, 721-722; *Rifkinson-Mann v Kasoff*, 226 AD2d 517, 517; *Zellner v Stephen D. Conrad, M.D., P.C.*, 183 AD2d 250, 253-254). Also, our review is "limited to determining whether the lower courts' discretionary powers were exceeded or, as a matter of law, abused" (*Doe v Axelrod*, 73 NY2d 748, 750). Furthermore, a motion for a preliminary injunction need not be denied even if there is an issue of fact as to a necessary element (*see*, CPLR 6312 [c]; *Egan v New York Care Plus Ins. Co.*, 266 AD2d 600, 600; *Sau Thi Ma v Xuan T. Lien*, 198 AD2d 186, *lv denied* 83 NY2d 847). Instead, the trial court is to determine "by hearing or otherwise" whether the requisite elements are present (CPLR 6312 [c]; *see*, *Frank May Assoc. v Boughton*, 281 AD2d 673, 674).

Initially, we cannot agree that Supreme Court abused its discretion by resolving the issue of whether the public would be harmed in plaintiff's favor without conducting an evidentiary hearing. While defendant's submissions arguably raised an issue of fact as to whether he is the only "fellowship-trained" physician who provides treatment for all of the medical conditions peculiar to his subspecialty, he failed to effectively dispute the assertion by Barry Kogan, chief of plaintiff's Division of Urology, that all of the conditions listed by defendant can be treated by members of plaintiff's staff, that with only one exception the procedures performed by defendant are also performed by Anurag Das, a board-certified urologist, and that Das performs an alternate procedure for the condition treated by the one procedure unique to defendant. None of the physician affidavits submitted by defendant states that Das does not, or is not qualified to, perform those procedures.

Nor can we agree that plaintiff's alleged failure to provide adequate staffing and compensation preclude it from enforcing the restrictive covenant in view of defendant's continued performance of the parties' agreement. "A party to an agreement who believes it has been breached may elect to continue to perform the agreement and give notice to the other side rather than terminate it * * *" (*Capital Med. Sys. v Fuji Med. Sys., U.S.A.*, 239 AD2d 743, 746 [citations omitted]). When performance is continued and such timely notice is given, the nonbreaching party does not waive the right to sue for the alleged breach (*see*, *National Westminster Bank, U.S.A. v Ross*, 130 BR

656, 675, *affd sub nom. Yaeger v National Westminster*, 962 F2d 1). However, by choosing not to terminate the contract at the time of the breach, the nonbreaching party "surrenders his [or her] right to terminate later based on that breach" (*AM Cosmetics, Inc. v Solomon*, 67 F Supp 2d 312, 317; *see, New York Tel. Co. v Jamestown Tel. Corp.*, 282 NY 365, 372-373; *R & A Food Serv. v Halmar Equities*, 278 AD2d 398, 399). Although defendant complained in writing about the alleged breaches by plaintiff over the years, there is no dispute that he chose to continue to perform under the contract. In his letter of resignation, defendant stated that it was plaintiff's failure to agree to underwrite his plans to open a clinic of his own, rather than any current alleged breach, that was the reason for his resignation. Thus, while defendant may not have waived his right to sue plaintiff for past breaches of contract, he did waive his right to terminate the contract based on those alleged breaches because he continued to enjoy a substantial income and other benefits from his employment after they occurred. Thus, Supreme Court's denial of defendant's cross motion was proper.

Finally, we agree with Supreme Court that plaintiff also demonstrated a strong probability of irreparable harm if the preliminary injunction were denied, for plaintiff likely would lose the investment it made in hiring defendant and establishing the specialized practice for which he was recruited, it would lose patients and revenues to defendant's new practice, and it would have difficulty in recruiting a replacement physician if defendant were permitted to compete in violation of his covenant. Accordingly, we find that Supreme Court did not abuse its discretion in granting the preliminary injunction.

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.