■ ELENA GAZZOLA-KRAENZLIN, Respondent, v WESTCHESTER MEDICAL GROUP, P.C., Appellant, et al., Defendant. [782 NYS2d 115]—

In an action, inter alia, to recover damages for breach of an employment contract and for a judgment declaring that certain restrictive covenants are null, void, and unenforceable, the defendant Westchester Medical Group, P.C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated August 27, 2003, as granted that branch of the plaintiff's motion which was for summary judgment declaring that certain restrictive covenants are null, void, and unenforceable as a matter of law.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment declaring that the restrictive covenants are null, void, and unenforceable as a matter of law is denied.

The plaintiff, a pediatrician, entered into an employment contract with the defendant Westchester Medical Group (hereinafter the defendant). The terms of the contract provided that the plaintiff's employment would commence on November 15, 2001, and end on December 31, 2002, "unless previously terminated." The defendant had the right, inter alia, to terminate the plaintiff's employment "for any reason whatsoever or for no reason," upon 60 days' written notice to the plaintiff. The employment contract also contained restrictive covenants providing that, upon the cessation of the plaintiff's employment "for any or no reason (including but not limited to, upon the expiration of the term hereof)," (1) she would be prohibited, for a period of two years, from practicing pediatric medicine within a 10-mile radius of the defendant's White Plains office or from soliciting any individual who is or had been a patient of the defendant within the one-year period preceding the cessation of employment, and (2) she would be required to resign her medical staff membership and clinical privileges at any hospital within that 10-mile radius with which she was affiliated and where she had serviced patients of the defendant during her period of employment, and would be precluded from reapplying for such privileges for a period of two years following the cessation of employment.

On or about October 31, 2002, the defendant notified the plaintiff that her contract would not be renewed and that her

employment would end on December 31, 2002, the termination date of her employment contract. The plaintiff then commenced this action, inter alia, to recover damages for breach of the employment contract and for a declaration that the restrictive covenants are null, void, and unenforceable as a matter of law.

When she entered into the employment contract, the plaintiff agreed to be bound by the restrictive covenants in the event that her employment should end, inter alia, "upon the expiration of the term hereof." The plaintiff's employment ceased on December 31, 2002, the termination date stated in the employment contract. Under these circumstances, the plaintiff's continued employment by the defendant until December 31, 2002, constituted good and sufficient consideration for the restrictive covenants, notwithstanding the at-will nature of the employment relationship (*see Zellner v Stephen D. Conrad, M.D., P.C.*, 183 AD2d 250 [1992]).

The provisions of the covenant prohibiting the plaintiff for a period of two years from practicing pediatric medicine within a 10-mile radius of the defendant's White Plains office, and prohibiting her for a period of one year from soliciting patients of the defendant, were not unreasonable in either duration or area (*see Penny W. Budoff, P.C. v Jenkins*, 143 AD2d 250 [1988]; *cf. Albany Med. Coll. v Lobel*, 296 AD2d 701 [2002]; *North Shore Hematology/Oncology v Zervos*, 278 AD2d 210 [2000]). Moreover, the plaintiff tendered no evidence that the provision of the covenant requiring her to resign her medical staff memberships and clinical privileges at certain hospitals located within the restricted area would impose an additional burden upon her beyond that resulting from the prohibition of her practice of pediatric medicine within that area (*cf. Arnold R. Leiboff, M.D., P.C. v Pelaez*, 249 AD2d 497 [1998]). Accordingly, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law.

Finally, we note that the plaintiff has an outstanding claim that the defendant breached the employment contract. We express no view as to whether, even if the restrictive covenants are upheld, the defendant would be entitled to specific performance under the particular circumstances of this case (*cf. Taricco v Mid-Hudson Med. Group*, 35 AD2d 675 [1970]). Santucci, J.P., S. Miller, Schmidt and Fisher, JJ., concur.