■ RICHARD J. RICCA et al., Appellants, v STEVEN P. OUZOUNIAN et al., Respondents. [859 NYS2d 238]—

In an action to enforce a restrictive covenant contained in an employment agreement and to recover damages for breach of the agreement, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Weber, J.), dated July 27, 2007, which denied their motion for a preliminary injunction, inter alia, barring the defendant Steven P. Ouzounian from performing surgery within a 15-mile radius of the plaintiffs' medical office.

Ordered that the order is reversed, on the law and the facts, with costs, and the plaintiffs' motion for a preliminary injunction is granted.

The defendant Steven P. Ouzounian (hereinafter the defendant), a surgeon, entered into an employment agreement with the plaintiffs. The employment agreement contained a restrictive covenant which provided that upon termination of the

agreement, the defendant could not perform surgery within 15 miles of the plaintiffs' medical office for a period of two years. The employment agreement also contained a nonsolicitation clause.

To be entitled to a preliminary injunction, a movant must establish (1) the likelihood of success on the merits, (2) irreparable injury absent granting the preliminary injunction, and (3) a balancing of the equities in the movant's favor (see *Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839 [2005]; *Gagnon Bus Co., Inc. v Vallo Transp., Ltd.*, 13 AD3d 334 [2004]). Covenants not to compete will be enforced if reasonably limited as to time, geographic area, and scope, are necessary to protect the employer's interests, not harmful to the public, and not unduly burdensome (see *BDO Seidman v Hirshberg*, 93 NY2d 382 [1999]; *Gelder Med. Group v Webber*, 41 NY2d 680, 683 [1977]; *Albany Med. Coll. v Lobel*, 296 AD2d 701, 702 [2002]).

Here, the plaintiffs made the requisite showing. The defendant's contention regarding potential harm to the public is without merit because several other surgeons practice at Southampton Hospital, where the defendant was practicing, and there are at least two other hospitals in the area (see *Gazzola-Kraenzlin v Westchester Med. Group, P.C.*, 10 AD3d 700 [2004]; *Albany Med. Coll. v Lobel*, 296 AD2d 701 [2002]; *Arnold R. Leiboff, M.D., P.C. v Pelaez*, 249 AD2d 497 [1998]; *Bollengier v Gulati*, 233 AD2d 721 [1996]).

In light of the foregoing, we need not reach the plaintiffs' remaining contention. Prudenti, P.J., Lifson, Santucci and Balkin, JJ., concur. [See 2007 NY Slip Op 32371(U).]