Long Is. Minimally Invasive Surgery, P.C. v St. John's Episcopal Hosp. (2018 NY Slip Op 05674)





Long Is. Minimally Invasive Surgery, P.C. v St. John's Episcopal Hosp.


2018 NY Slip Op 05674


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-01569
 (Index No. 600465/15)

[*1]Long Island Minimally Invasive Surgery, P.C., appellant, 
v
St. John's Episcopal Hospital, et al., respondents, et al., defendant.


Weiss Zarett Brofman Sonnenklar & Levy, P.C., New Hyde Park, NY (David A. Zarett and Alison M. Berdnik of counsel), for appellant.
Nixon Peabody LLP, Jericho, NY (Daniel C. Gibbons and James W. Weller of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of an employment agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered February 4, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendants St. John's Episcopal Hospital and Javier Andrade which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was a medical practice that specialized in weight-loss surgery, but also provided general surgery and related services. During the relevant time period, it had seven offices located throughout the New York metropolitan area, and its doctors performed surgery at Mercy Medical Center (hereinafter Mercy) in Rockville Centre. In June 2010, the plaintiff hired the defendant Javier Andrade to perform weight-loss and other types of surgery, and related services. The plaintiff and Andrade entered into an employment agreement (hereinafter the agreement) with a three-year term. The agreement contained a restrictive covenant (hereinafter the covenant) that barred Andrade from performing any type of surgery for two years (hereinafter the prohibited services), within 10 miles of any of the plaintiff's seven offices and affiliated hospitals (hereinafter the restricted zone). During the term of his employment, Andrade worked almost exclusively in Nassau County, in the plaintiff's Freeport and New Hyde Park offices, and he performed surgery at Mercy. Andrade continued to work for the plaintiff beyond the three-year term of the agreement. The plaintiff terminated Andrade's employment without cause effective April 2014.
In September 2014, Andrade accepted a position as the interim chairman of the department of general surgery at the defendant St. John's Episcopal Hospital (hereinafter St. John's). It is undisputed that Andrade's new office, which is his only office for St. John's, is located in Rockaway Park and was not located within the restricted zone, although St. John's was located within the restricted zone. The plaintiff subsequently commenced this action against Andrade, St. John's, and the defendant Smithtown-North Suffolk Physician Hospital Organization, Inc. (hereinafter Smithtown), seeking damages and injunctive relief, based on Andrade's alleged breach [*2]of the covenant. Smithtown did not answer or otherwise appear in the action. Prior to any discovery, Andrade and St. John's (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them, arguing, inter alia, that the covenant was invalid as a matter of law, and for sanctions, attorneys fees, and costs. The Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals from that portion of the order. We affirm the order insofar as appealed from.
"Agreements restricting an individual's right to work or compete are not favored and thus are strictly construed" (Goodman v New York Oncology Hematology, P.C., 101 AD3d 1524, 1526; see Morris v Schroder Capital Mgt. Intl., 7 NY3d 616, 620; BDO Seidman v Hirshberg, 93 NY2d 382, 389). " [A] restrictive covenant will only be subject to specific enforcement to the extent that it is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee'" (BDO Seidman v Hirshberg, 93 NY2d at 389, quoting Reed, Roberts Assocs. v Strauman, 40 NY2d 303, 307). The determination of whether a restrictive covenant is reasonable involves the application of a three-pronged test. "A restraint is reasonable only if it: (1) is no greater than is required for the protection of the legitimate interest of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public" (BDO Seidman v Hirshberg, 93 NY2d at 388-389 [emphasis in original]; see Ricca v Ouzounian, 51 AD3d 997, 998). The "violation of any prong renders the covenant invalid" (BDO Seidman v Hirshberg, 93 NY2d at 389). "With agreements not to compete between professionals . . . [courts] have given greater weight to the interests of the employer in restricting competition within a confined geographical area" (id.). That said, "the application of the test of reasonableness of employee restrictive covenants focuses on the particular facts and circumstances giving context to the agreement" (id. at 390). "The rationale for the differential application of the common-law rule of reasonableness . . . was that professionals are deemed to provide unique or extraordinary'" services (id. at 389, quoting Reed, Roberts Assocs. v Strauman, 40 NY2d at 308).
Here, the defendants made a prima facie showing that the provision of the covenant prohibiting Andrade for a period of two years from practicing surgery of any kind, within a 10-mile radius of all of the plaintiff's offices and affiliated hospitals, even those at which he had never worked, was geographically unreasonable, because it effectively barred him from performing surgery, his chosen field of medicine, in the New York metropolitan area (see BDO Seidman v Hirshberg, 93 NY2d at 390-391). In opposition, the plaintiff failed to raise a triable issue of fact as to whether imposing such a broad geographical restriction was necessary to protect its interests.
Contrary to the plaintiff's contention, the Supreme Court did not err in declining to modify the covenant rather than invalidating it. The determination of whether an overly broad restrictive covenant should be enforced to the extent necessary to protect an employer's legitimate interest involves "a case specific analysis, focusing on the conduct of the employer in imposing the terms of the agreement" (id. at 394). Partial enforcement may be justified if an employer demonstrates, in addition to having a legitimate business interest, "an absence of overreaching, coercive use of dominant bargaining power, or other anti-competitive misconduct" (id.). "Factors weighing against partial enforcement are the imposition of the covenant in connection with hiring or continued employment—as opposed to, for example, imposition in connection with a promotion to a position of responsibility and trust—the existence of coercion or a general plan of the employer to forestall competition, and the employer's knowledge that the covenant was overly broad" (Scott, Stackrow & Co., C.P.A.'s, P.C. v Skavina, 9 AD3d 805, 807-08; see BDO Seidman v Hirshberg, 93 NY2d at 395). Application of the factors set forth in BDO Seidman militates against partial enforcement here. The plaintiff has not demonstrated, or even argued, an absence of anticompetitive misconduct on its part, asserting instead that because the restrictive covenant can be partially enforced, it should be. The fact that the covenant is clearly overbroad casts doubt on the plaintiff's good faith in imposing it (see Brown & Brown, 158 AD3d 1148). Moreover, it is undisputed that the plaintiff, from a superior bargaining position, required Andrade to sign the employment agreement as a prerequisite to being hired, and it refused to negotiate the covenant.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court