■ ERIC C. LAST, Respondent, v NEW YORK INSTITUTE OF TECHNOLOGY, NEW YORK COLLEGE OF OSTEOPATHIC MEDICINE, Appellant, et al., Defendants. [631 NYS2d 397] —In an action to recover damages for breach of an employment agreement, the defendant New York Institute of Technology, New York College of Osteopathic Medicine, appeals from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated August 26, 1993, as (1) granted the plaintiff's motion to dismiss its counterclaim to the extent that it alleged a breach of the territorial restriction set forth in the employment agreement's anticompetition covenant, and (2) denied the branch of its cross motion which was to dismiss the plaintiff's cause of action for breach of contract.

Ordered that the order is modified by deleting the provision thereof which denied the branch of the defendant's cross motion which was to dismiss the plaintiff's first cause of action for breach of contract and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The plaintiff is a doctor of osteopathic medicine. The New York Institute of Technology, New York College of Osteopathic Medicine (hereinafter the appellant) is an institution of higher education which also operates a number of outreach clinics which provide medical services to the community and training facilities for its students. One of these clinics was a Family Health Care Center located in Massapequa (hereinafter the

Massapequa clinic). In August 1989 the plaintiff entered into a one year employment contract with the appellant. In September 1990 the plaintiff and the appellant entered into another one year agreement which was to terminate on August 31, 1991. Both agreements stated, *inter alia,* that the employee's "duties shall consist of teaching, research, administrative functions, and patient care in outreach facilities *as assigned by the Dean of the College and the Department Chairperson"* (emphasis added), and further that the employee would be terminated if he failed or refused "to perform the duties for which he/she was engaged". Both agreements also contained an anticompetition restrictive convenant which prohibited the plaintiff from practicing his profession within a 10 mile radius of the Massapequa clinic for a period of two years after the end of his association with the appellant, and also prohibited the plaintiff from soliciting patients with whom he came into contact while in the appellant's employ.

From 1989 until the early part of 1991 the plaintiff was assigned to perform his duties at the Massapequa clinic. In February 1991 the plaintiff was informed that the appellant had decided to close the Massapequa clinic, and the plaintiff was directed to perform his duties at the appellant's Islip clinic. The plaintiff refused to be reassigned and as a result the appellant terminated his employment on April 1, 1991. Immediately thereafter the plaintiff opened his own medical office in nearby North Bellemore.

The plaintiff commenced this action, *inter alia,* to recover damages for breach of contract. The appellant interposed a counterclaim to recover damages for breach of the restrictive convenant. The Supreme Court granted the plaintiff's motion to dismiss the appellant's counterclaim insofar as it asserted a breach of the anticompetitive covenant's territorial restriction and denied the appellant's cross motion to dismiss the breach of contract cause of action.

"A plain contract, clear and explicit in its terms, involves only a question of law and the construction of such an agreement is a matter [of law] for the court" *(Quinn v Buffa,* 97 AD2d 752, 753; *see also, West, Weir & Bartel v Carter Paint Co.,* 25 NY2d 535). Although the record demonstrates that prior to entering into the 1989 agreement the plaintiff expressed a desire to work only at the Massapequa clinic, nevertheless the executed contracts clearly and unambiguously stated that the plaintiff could be assigned to any of the appellant's clinics. There is no provision in either agreement which provides that plaintiff would only be assigned to the Massapequa clinic, nor

is there any ambiguous language which could be interpreted as imposing such a condition upon the appellant. Moreover, since the employment agreement stated that the defendant's employment could be terminated if he "refused to perform the duties for which he was engaged", the appellant was within its contractual rights to terminate the plaintiff's employment when he refused reassignment to the Islip clinic. Accordingly, the plaintiff has failed to state a cause of action for breach of contract.

With respect to the appellant's counterclaim, we agree with the Supreme Court's determination that the counterclaim should be dismissed at least insofar as it asserted a cause of action based upon breach of the anticompetitive convenant's territorial restriction. An express anticompetitive covenant should be rigorously examined and specifically enforced only if, under all the circumstances, the covenant is found to be "reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee" *(Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, 307; *American Broadcasting Cos. v Wolf,* 52 NY2d 394, 403; *see also, Matter of Sprinzen [Nomberg],* 46 NY2d 623; *Karpinski v Ingrasci,* 28 NY2d 45). Once the appellant elected to close its Massapequa clinic, the geographic restriction contained in the plaintiff's employment agreement was no longer necessary to protect the defendant's legitimate interest of noncompetition in that area. Therefore, the defendant's counterclaim was properly dismissed insofar as it sought to recover damages for breach of the covenant's territorial restriction. Copertino, J. P., Santucci, Altman and Friedmann, JJ., concur.