■ HANOVER INSURANCE COMPANY, Appellant-Respondent, v CERIELLO ELECTRIC, INC., Respondent-Appellant. [641 NYS2d 363] —In a negligence action, *inter alia,* to recover damages for injury to property, the plaintiff appeals from so much of the order of the Supreme Court, Nassau County (Roberto, J.), dated October 12, 1994, as denied the plaintiff's motion to strike the defendant's answer, or, in the alternative, to preclude the defendant from offering any evidence on the issue of liability, and the defendant cross-appeals from so much of the same order, as (1) denied its motion for summary judgment, (2) denied its motion to compel the production of the complete reports of the plaintiff's expert witnesses, and (3) compelled the defendant to turn over to the plaintiff, the reports of the defendant's expert witnesses and allowed the plaintiff to conduct an examination before trial of a representative of the defendant's insurer. The plaintiff's appeal brings up for review so much of an order of the same court, dated February 3, 1995, as, upon reargument, adhered to the original determination in the order dated October 12, 1994, denying the plaintiff's motion to strike the defendant's answer (*see,* CPLR 5517).

Ordered that the appeal of the plaintiff from the order dated October 12, 1994, is dismissed, without costs or disbursements as that order, insofar as it regards the plaintiff, was superseded by the order dated February 3, 1995, made upon reargument; and it is further,

Ordered that the order dated October 12, 1994, is affirmed insofar as cross-appealed from by the defendant, without costs or disbursements; and it is further,

Ordered that the order dated February 3, 1995, is modified, as a matter of discretion, by adding to the provision adhering to the original determination denying the plaintiffs' motion, the following language: "on condition that the defendant's attorney pay the sum of $5,000 to the plaintiff, and in the event

that the condition is not complied with, then the plaintiff's motion is granted and the answer is stricken"; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the defendant's counsel shall make payment to the plaintiff within 20 days after service upon it of a copy of this decision and order with notice of entry; and it is further,

Ordered that the order dated October 12, 1994, is modified accordingly.

In this action, the plaintiff sought to recover damages as a result of property damage to a house which was destroyed by fire on July 4, 1989. The complaint alleged, *inter alia,* that the defendant was negligent in its installation of an electrical light fixture. After the fire, the house was inspected by two electrical experts on behalf of the plaintiff. The house was subsequently razed and rebuilt.

Thereafter, the defendant's counsel successfully moved, pursuant to CPLR 3101 (d) (1) (iii), to have the reports of the plaintiff's experts made available to it, in redacted form, on the ground that it did not have the opportunity to inspect the premises before it was razed and rebuilt. However, the defendant's counsel failed to advise the court that on August 4, 1989, before the house was razed and rebuilt, the defendant's insurer had inspected the house, taken photographs, and drafted a report.

Upon learning of the misrepresentation by the defendant's counsel, the plaintiff moved for a protective order striking the defendant's answer as a sanction for its counsel's misconduct.

In determining the plaintiff's motion, the Supreme Court acknowledged that the defendant's counsel had obtained disclosure of the reports of the plaintiff's experts by "misrepresentation", but declined to impose the sanction requested by the plaintiff. Instead, it sanctioned the defendant by requiring the defendant to supply the plaintiff with reports from every expert that it consulted and by directing that the plaintiffs be allowed "great latitude in examining" the defendant's insurer at its Examination Before Trial.

It is well settled that CPLR 3103 "confers broad discretion upon a court to fashion appropriate remedies" to prevent the abuse of disclosure devices (*Lipin v Bender,* 84 NY2d 562, 570). The record herein supports the conclusion that the Supreme Court properly exercised its discretion in refusing to impose the ultimate sanction requested by the plaintiff and in imposing a lesser sanction upon the defendant *(see, Lipin v Bender, supra).*

Nevertheless, under all of the circumstances, we deem it appropriate to condition the denial of the plaintiff's motion on payment by the defendant's counsel to the plaintiff of a substantial monetary penalty (*see, Spancrete Northeast v Travelers Indem. Co.,* 99 AD2d 623).

We have reviewed the parties' remaining contentions and find them to be without merit. Mangano, P. J., Ritter, Hart and McGinity, JJ., concur.