■ In the Matter of Long Island Gastrointestinal Disease Group, P. C. Larry I. Good, Respondent; Stuart Dolgin

et al., Appellants. [673 NYS2d 738] —In a proceeding to dissolve a professional corporation, the appeal is from an order of the Supreme Court, Nassau County (Roberto, J.), entered April 25, 1997, which denied the motion of Stuart Dolgin, Richard Steller, and Long Island Gastrointestinal Disease Group, P. C., to enjoin the respondent Larry I. Good from practicing medicine in Nassau County for two years.

Ordered that the order is affirmed, without costs or disbursements.

In order to resolve the dissolution proceeding of a professional corporation engaged in the practice of medicine, the appellants and the respondent Larry I. Good entered into a stipulation of settlement. Pursuant to the stipulation, Good agreed that if he violated any of its terms, a restrictive covenant would become effective at the option of the appellants which, *inter alia,* would bar him from the practice of medicine in Nassau County for the period of two years. One term of the stipulation required that Good pay off or release the corporation from car leases that it held for his benefit. Good failed to do so, and the appellants moved to enforce the restrictive covenant. The Supreme Court denied the motion, and we affirm.

It is well established that restrictive covenants which tend to prevent an employee from pursuing a similar vocation after the termination of his or her employment are disfavored by the law (*see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496). Such covenants should be rigorously examined (*see, Last v New York Inst. of Technology,* 219 AD2d 620) and specifically enforced against medical and dental professionals only if they are reasonably limited temporally and geographically and, without being either harmful to the public or unduly burdensome, serve the acceptable purpose of protecting the former employer or associate from unfair competition (*see, Rifkinson-Mann v Kasoff,* 226 AD2d 517).

Contrary to the appellants' contention, the covenant here may not be enforced because of Good's default in making payments on the car leases, since there was no evidence that such a violation of the stipulation put the appellants at a risk of unfair competition sufficient to justify restricting Good's practice of medicine (*see, Last v New York Inst. of Technology, supra,* at 622).

The appellants' remaining contentions are without merit. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.