DAVID LEVY, Respondent, v CHERYL GRANDONE, Appellant. [779 NYS2d 558]—

In an action, inter alia, to recover damages for malicious prosecution, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated May 5, 2003, as denied her motion to quash certain subpoenas duces tecum served upon various nonparties and to disqualify the plaintiff's counsel.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Under the circumstances of this case, the Supreme Court properly denied the defendant's motion to quash the subpoenas duces tecum served upon the nonparty telephone company and management company which managed the defendant's residence.

Although the documents were improperly obtained from the nonparties without a motion on notice to the defendant (*see* CPLR former 3120 [b]), the defendant was not thereby prejudiced due to subsequent events. None of the documents obtained was privileged, and the plaintiff would have been entitled to their production in the normal course of discovery. Therefore, neither suppression of those documents pursuant to CPLR 3103 (c) nor the disqualification of counsel for the plaintiff was warranted (*see Fanelli v Fanelli*, 296 AD2d 373 [2002]; *Gutierrez v Dudock*, 276 AD2d 746 [2000]; *Hanover Ins. Co. v Ceriello Elec.*, 226 AD2d 585, 586 [1996]; *DiMarco v Sparks*, 212 AD2d 965 [1995]).

Contrary to the respondent's contention, under the circumstances of this case, the imposition of a sanction is inappropriate (*see* 22 NYCRR 130-1.1 [c]). Smith, J.P., Krausman, Crane and Spolzino, JJ., concur.