■ DHIRUBHAI SHAH et al., Respondents, v AMERICAN HONDA MOTOR Co., INC., et al., Appellants. [840 NYS2d 605]—

In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Nassau County (Robbins, J.), entered June 9, 2006, as denied, without opposition, that branch of their motion which was pursuant to CPLR 3126 to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties entered into a so-ordered stipulation, dated March 10, 2006, conditionally precluding the plaintiffs from offering at trial certain evidence relating to outstanding discovery demands unless the plaintiffs supplied the outstanding disclosure on or before April 14, 2006. Upon the plaintiffs' failure to meet the so-ordered condition, the Supreme Court, in the order appealed from, granted that branch of the defendants' unopposed motion which was to enforce the preclusion order, but denied that branch of the motion which was to dismiss the complaint. We affirm the order insofar as appealed from.

The defendants' notice of motion indicated, in relevant part, that dismissal of the complaint was being sought only as a corollary to the enforcement of the order of preclusion, "given that plaintiff will be unable to offer any evidence and/or expert

testimony required to establish a prima facie case." The defendants' submission, however, was devoid of any evidence or legal argument in support of that contention. Thus, the Supreme Court properly determined that dismissal on the ground stated in the notice of motion was "unsupported by the motion papers" and, therefore, unwarranted (*cf. Fales v Witkowski*, 36 AD2d 516 [1971]).

Instead of demonstrating that, without the precluded evidence, the plaintiffs would be unable to establish a prima facie case under any of the five causes of action asserted in the complaint, the defendants argued only that dismissal of the complaint was warranted as a further discovery sanction pursuant to CPLR 3126. Under the circumstances presented, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendants' motion which was to dismiss the complaint on that ground (*see* CPLR 2214 [a]; *HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774, 774-775 [1991]). In any event, the Supreme Court properly imposed the agreed-upon sanction of preclusion rather than the more extreme sanction of dismissal (*see Siltan v City of New York*, 300 AD2d 298 [2002]; *Ferrantello v St. Charles Hosp. & Rehabilitation Ctr.*, 249 AD2d 263 [1998]; *cf. Tirone v Staten Is. Univ. Hosp.*, 264 AD2d 415 [1999]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.