In the Matter of the Estate of JONES, Deceased. ROVINA WILDS, Respondent; OCWEN FEDERAL BANK, FSB, Intervenor-Appellant. [851 NYS2d 216]—

In a proceeding pursuant to SCPA 1407 to admit a lost will to probate, the intervenor-objectant, Ocwen Federal Bank, FSB, appeals, as limited by its brief, from stated portions of an order of the Surrogate's Court, Kings County (Seddio, S.), dated December 10, 2006, which, inter alia, denied that branch of its motion which was to preclude the use or admission of the deposition testimony of nonparty witness Nora Jones.

Ordered that the appeal from so much of the order as denied that branch of the motion which was to preclude the use or admission at trial of the deposition testimony of nonparty witness Nora Jones is dismissed as academic; and it is further,

Ordered that the appeal from so much of the order as denied that branch of the motion which was to preclude the testimony of nonparty witness Nora Jones at trial on the ground of relevancy is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed, with one bill of costs.

The petitioner Rovina Wilds commenced this proceeding pursuant to SCPA 1407 to admit a lost will to probate. Contending that she had been unable to locate the only attesting witness still believed to be alive, Eugene Saunders, the petitioner deposed Saunders' sister, nonparty Nora Jones, in an effort to locate Saunders. At the deposition, the petitioner also asked Jones to authenticate Saunders' signature on the will in the event that he could not be located, and the will was offered for probate pursuant to SCPA 1405. In relevant part, SCPA 1405 permits the probate of a will when all of the attesting witnesses are dead or cannot with due diligence be found in the state "upon proof of the handwriting of the testator and of at least one of the attesting witnesses" (SCPA 1405 [4]). None of the objectants attended Jones's deposition, which was conducted on seven days' notice. The intervenor-objectant Ocwen Federal Bank, FSB (hereinafter Ocwen), moved, inter alia, to preclude any testimony from Nora Jones and to preclude the use or admission of documents produced after March 9, 2006. Ocwen argued that testimony from Jones and the documents must be precluded because they were produced after March 9, 2006, the court-ordered deadline for the end of disclosure. Further, Ocwen asserted, Jones's testimony at trial should be precluded pursuant to CPLR 3103 (c), because her deposition was not conducted in conformity with CPLR 3106 (b), i.e., it did not proceed pursuant to a subpoena served on at least 20 days' notice. CPLR 3103 (c) permits the suppression of information from disclosure "improperly or irregularly obtained so that a substantial right of a party is prejudiced." In any event, Ocwen argued, Jones's

testimony at trial should be precluded because the petitioner had not demonstrated that Saunders could not with due diligence be found within the state. Thus, Ocwen asserted, the petitioner would not be permitted to offer the will for probate pursuant to SCPA 1405 (4), and Jones's testimony as to the authenticity of Saunders' signature on the will would be irrelevant. The Surrogate denied preclusion on all grounds argued. We affirm the Surrogate's order insofar as reviewed.

It is not disputed that during the pendency of this appeal, a trial on the lost will was conducted and that the deposition testimony of Nora Jones was neither offered nor admitted into evidence. Consequently, the appeal from so much of the order as denied preclusion of the deposition testimony at trial has been rendered academic and must be dismissed (*see Saratoga County Chamber of Commerce v Pataki,* 100 NY2d 801 [2003]; *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-717 [1980]).

Similarly, the appeal from so much of the order as denied preclusion of the testimony of Nora Jones at trial on the ground of relevancy must be dismissed. Such an "evidentiary ruling," even when "made in advance of trial on motion papers constitutes, at best, an advisory opinion, which is neither appealable as of right nor by permission" (*Keeley v Tracy,* 19 AD3d 460 [2005]). Indeed, at the time of the motion, the ground or grounds upon which the petitioner would offer the will for probate had yet to be determined, and she was not yet required to meet her burden of proof on the issue of whether Saunders could with due diligence be found within the state. Contrary to Ocwen's contention on appeal, the Surrogate did determine that Saunders could not be located or that his testimony could be dispensed with pursuant to SCPA 1405 (1).

Ocwen failed to demonstrate that there was an order of the court or a stipulation terminating disclosure as of March 9, 2006 (*see e.g. Shah v American Honda Motor Co., Inc.,* 41 AD3d 696 [2007]; *Tirone v Staten Is. Univ. Hosp.,* 264 AD2d 415 [1999]). Thus, the preclusion of the testimony of Jones and the documents produced after that date was not warranted on that basis. The trial court is given broad discretion to oversee the disclosure process, with the goal of deciding cases on the merits wherever possible (*see Maiorino v City of New York,* 39 AD3d 601 [2007]). Although the deposition of Jones did not proceed in conformity with CPLR 3106 (b), suppression of her testimony pursuant to CPLR 3103 (c) was not warranted because Ocwen, inter alia, failed to demonstrate prejudice to a substantial right (*see Levy v Grandone,* 8 AD3d 630 [2004]; *Gutierrez v Dudock,* 276 AD2d 746 [2000]).

Finally, we do not reach Ocwen's contention concerning that branch of its motion which was for sanctions against counsel for the petitioner. As noted by Ocwen, that branch of the motion was not addressed or decided by the Surrogate. Thus, it remains pending and undecided (*see Millennium Constr., LLC v Loupolover,* 44 AD3d 1016 [2007]; *Katz v Katz,* 68 AD2d 536 [1979]). Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.