■ CLIFFORD BRAGANZA et al., Respondents, v NICHOLAS HARDING, Appellant. [858 NYS2d 218]—

In an action to recover damages for medical malpractice, etc., the defendant appeals from (1) stated portions of an order of the Supreme Court, Nassau County (Spinola, J.), entered May 11, 2007, which, inter alia, denied his motion to strike the complaint, and (2) an order of the same court dated April 12, 2007, which granted the plaintiffs' motion to preclude him from offering the testimony of a certain witness at trial.

Ordered that the notice of appeal from an order of the Supreme Court, Nassau County, dated April 11, 2007, is deemed a premature notice of appeal from the order entered May 11, 2007 (see CPLR 5520 [c]; Town of Hempstead v Incorporated Vil. of Atl. Beach, 278 AD2d 308 [2000]); and it is further,

Ordered that the appeal from the order dated April 12, 2007 is dismissed; and it is further,

Ordered that the order entered May 11, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

In March 2006 the injured plaintiff signed an authorization waiving his confidentiality rights under the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d et seq.; hereinafter HIPAA) by permitting the defendant's attorneys, inter alia, to interview his treating physician Dr. Andrew Sands. The injured plaintiff subsequently revoked his authorization in reliance upon this Court's December 2006 decision in Arons v Jutkowitz (37 AD3d 94 [2006]), which concluded that there is no statutory or regulatory authority which requires a plaintiff to execute a HIPAA-compliant authorization permitting defense counsel to privately interview his or her treating physician. Under these circumstances, the Supreme Court providently exercised its discretion in denying the defendant's motion to strike the complaint. The injured plaintiff's revocation of his authorization permitting defense counsel to interview Dr. Sands, based upon recent appellate authority, did not constitute willful and contumacious conduct warranting the drastic remedy of the striking of a pleading (see CPLR 3126; A.F.C.

*Enters., Inc. v New York City School Constr. Auth.,* 33 AD3d 737 [2006]; *Bach v City of New York,* 304 AD2d 686 [2003]). However, we note that after this appeal was perfected, the Court of Appeals reversed our decision in *Arons v Jutkowitz* (9 NY3d 393 [2007]), and concluded that a plaintiff who places his or her medical condition at issue by bringing suit may be compelled to execute a valid HIPAA authorization permitting his or her treating physician to submit to an interview by defense counsel. In light of the decision of the Court of Appeals, the plaintiffs now represent that they will provide a HIPAA-compliant authorization allowing defense counsel to interview Dr. Sands.

The appeal from the order dated April 12, 2007, which granted the plaintiffs' motion to preclude the defendant from offering the testimony of a certain witness at trial, must be dismissed. "Such an 'evidentiary ruling,' even when 'made in advance of trial on motion papers constitutes, at best, an advisory opinion, which is neither appealable as of right nor by permission' " (*Matter of Jones,* 47 AD3d 931, 933 [2008], quoting *Keeley v Tracy,* 19 AD3d 460 [2005]). Mastro, J.P., Ritter, Carni and Eng, JJ., concur.