SUFFOLK ANESTHESIOLOGY ASSOCIATES, P.C., et al., Appellants, v MATTHEW J. VERDONE, Respondent. [903 NYS2d 91]—

In an action, inter alia, for injunctive relief and to recover damages for breach of fiduciary duty and breach of contract, the plaintiffs appeal from so much of an order of the Supreme Court,

Suffolk County (Gazzillo, J.), dated September 28, 2009, as denied their cross motion for partial summary judgment permanently enjoining the defendant from violating certain conditions of covenants not to compete and not to solicit.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs alleged in their complaint, inter alia, that the defendant breached covenants not to compete and not to solicit contained in a shareholders agreement and an employment contract. In their cross motion for partial summary judgment, the plaintiffs sought a permanent injunction against the defendant to enforce those covenants. In support of their cross motion, the plaintiffs met their prima facie burden of establishing their entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), by demonstrating, among other things, that the restraints sought were reasonably limited, that they were neither harmful to the public nor unduly burdensome, and that they served an acceptable purpose (*see Gelder Med. Group v Webber*, 41 NY2d 680, 683 [1977]; *Matter of Long Is. Gastrointestinal Disease Group [Good— Dolgin]*, 251 AD2d 330, 331 [1998]; *Rifkinson-Mann v Kasoff*, 226 AD2d 517 [1996]). In opposition, however, the defendant raised triable issues of fact, inter alia, as to whether the plaintiffs breached the agreements' implied contractual duty of good faith, thereby rendering the covenants unenforceable (*see Gelder Med. Group v Webber*, 41 NY2d at 684). Contrary to the plaintiffs' contention, the Supreme Court did not improvidently exercise its discretion in refusing to consider on the cross motion certain deposition testimony taken without consent and over objection during the pendency of the defendant's motion for summary judgment (*see* CPLR 3103 [c]; 3214 [b]; *John Eric Jacoby, M.D., P.C. v Loper Assoc.*, 249 AD2d 277, 279 [1998]; *Hanover Ins. Co. v Ceriello Elec.*, 226 AD2d 585, 586 [1996]). Consequently, the Supreme Court properly denied the plaintiffs' cross motion for partial summary judgment (*see Zuckerman v City of New York*, 49 NY2d at 562). Fisher, J.P., Dickerson, Eng and Belen, JJ., concur.