People v Saqline K. (2018 NY Slip Op 06115)





People v Saqline K.


2018 NY Slip Op 06115


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-07951
 (Ind. No. 1847/14)

[*1]The People of the State of New York, plaintiff,
v
Saqline K. (Anonymous), appellant.


Akin Gump Strauss Hauer & Feld LLP, New York, NY (Robert H. Pees, Kaitlin E. Dabbert, and Kendall L. Manlove of counsel), for appellant.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Joseph A. Zayas, J.), dated June 6, 2017, which denied his motion pursuant to CPLR 3103 for a protective order.
ORDERED that the order is affirmed.
The defendant, an immigrant from Bangladesh, was adjudicated a youthful offender. After completing his sentence, the defendant was detained by the United States Department of Homeland Security (hereinafter the DHS), which, in reliance on the defendant's presentence report, argued that the defendant should be denied a bond due to his youthful offender adjudication. Thereafter, the defendant moved before the Supreme Court in the subject criminal proceeding pursuant to CPLR 3103 for a protective order "enjoining the [DHS's] use" of his presentence report, arguing that it is a confidential record under CPL 720.35(2), which the DHS had improperly obtained. In an order dated June 6, 2017, the Supreme Court denied the defendant's motion. The defendant appeals.
CPLR 3103 " confers broad discretion upon a court to fashion appropriate remedies' to prevent the abuse of disclosure devices" (Hanover Ins. Co. v Ceriello Elec ., 226 AD2d 585, 586, quoting Lipin v Bender , 84 NY2d 562, 570). Pursuant to CPLR 3103(c), "[i]f any disclosure under this article has been improperly or irregularly obtained so that a substantial right of a party is prejudiced, the court, on motion, may make an appropriate order, including an order that the information be suppressed" (emphasis added). Here, since the DHS did not obtain the presentence report in the course of any disclosure process under CPLR Article 31, there is no basis for the issuance of a protective order pursuant to CPLR 3103(c). Moreover, since "[c]ontrol over immigration and naturalization is entrusted exclusively to the Federal Government, and a State has no power to interfere" (Nyquist v Mauclet , 432 US 1, 10; see US Const, art I, § 8, cl 4), the Supreme Court lacked the power to suppress the presentence report in immigration proceedings.
The defendant's remaining contentions are either without merit or need not be addressed in light of our determination.
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion pursuant to CPLR 3103 for a protective order.
RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court