Gendell v 42 W. 17th St. Hous. Corp. (2022 NY Slip Op 00272)





Gendell v 42 W. 17th St. Hous. Corp.


2022 NY Slip Op 00272


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Renwick, J.P., Webber, Oing, Scarpulla, Pitt, JJ. 


Index No. 158100/15 Appeal No. 15086 Case No. 2020-02419 

[*1]Yfat Gendell et al., Plaintiffs-Appellants-Respondents,
v
42 W. 17th St. Housing Corp. et al., Defendants-Respondents-Appellants.


Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for appellants-respondents.
Gartner & Bloom, P.C., New York (Alexander D. Fisher of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about April 16, 2020, which, insofar as appealed from, granted the motion of defendants 42 W. 17th St. Housing Corp. (the Coop) and Yitzhak Loria Management LLC, seeking a protective order barring the continuation of the deposition of nonparty witness Ruth Miller and sua sponte directed the suppression of deposition testimony previously taken, and denied that portion of the motion seeking sanctions under 22 NYCRR 130.1 against plaintiffs' counsel, unanimously reversed, on the law and the facts, without costs, the order vacated insofar as it directed suppression of deposition testimony and submission of interrogatories, the deposition directed to continue, and sanctions imposed against plaintiffs' former counsel in the amount of $5,000.00.
It was an improvident exercise of discretion for the court to issue a protective order under CPLR 3103(a) barring a continuation of the deposition of nonparty Ruth Miller. Miller is the majority shareholder of the Coop, and therefore is a key figure in the events surrounding plaintiffs' negligence and breach of contract claims regarding leaks in plaintiffs' units. Moreover, Miller was a member of the Board during a period of time when decisions were made about building maintenance, which is a relevant issue in plaintiffs' action. Thus, her testimony is "material and necessary" (CPLR 3101[a]; see Anonymous v High School for Envtl. Studies, 32 AD3d 353, 358 [1st Dept 2006]; Roman Catholic Church of the Good Shepherd v Tempco Sys., 202 AD2d 257, 257-258 [1st Dept 1994]).
Similarly, it was error for the court to sua sponte issue a suppression order of the testimony previously taken (see CPLR 3103[c]). Defendants made no showing that evidence was improperly or irregularly obtained during the deposition, or that prejudice to a substantial right had accrued through discovery of improperly obtained evidence (see Coast to Coast Energy, Inc. v Gasarch, 77 AD3d 589, 589 [1st Dept 2010]; Matter of Jones, 47 AD3d 931, 933 [2d Dept 2008]; compare Amado v Estrich, 182 AD2d 1109, 1110 [4th Dept 1992] [the defendants' submission of misleading photographs to court in response to discovery demand prejudiced a substantial right of the plaintiffs, and court therefore properly exercised its discretion in precluding use of the portion of the deposition testimony that was referrable to misleading photographs]).
Nevertheless, counsel's behavior at the deposition was frivolous and unprofessional. Among other things, counsel called the witness "a liar" and told her on the record that she had done "plenty wrong" and had "plenty to worry about in this case," despite the fact that she is not even a party to the action. Sanctions against counsel are therefore warranted (22 NYCRR 130-1.1; see Cadlerock Joint Venture, L.P. v. Sol Greenberg & Sons Intl., Inc., 94 AD3d 580, 582 [1st Dept 2012], lv denied 20 NY3d 857 [2013], cert denied sub nom. Sahid v Cadlerock Joint [*2]Venture, L.P. 571 US 940 [2013]; Polidori v Societe Generale Group., 57 AD3d 369, 369 [1st Dept 2008]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022